**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| JERRY TALLENT,<br><br>    Plaintiff,<br><br>    v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>    Defendant. | CASE NO.  3:24-CV-00134-TES |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff Jerry Tallent ("Plaintiff") and Defendant LexisNexis Risk Solutions Inc. ("LexisNexis Risk") through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, confidential commercial information, confidential research and development, or other proprietary information belonging to LexisNexis Risk and/or sensitive personal identifying information and other confidential information of Plaintiff and third parties.

THEREFORE, this Court orders as follows:

    1.    This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2.      Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law asserted by the producing party, shall be so designated in writing, and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL."  Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS."

3.      A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation.  The designating party must serve such Notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript.  All transcripts ordered within two (2) business days from the conclusion of the deposition will be treated as confidential until the expiration of the fourteen (14) day period described in this paragraph.  Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise

discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action, or appeal therefrom, in accordance with this Order.

5.     In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) outside photocopying and electronic discovery vendors; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.     CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case, or appeal therefrom.  No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

7.     In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice.  The designating party shall have the right to move the Court to retain the designated status materials.  If the designating party files such a motion within the fifteen (15) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

8.     Any party seeking to file CONFIDENTIAL MATERIALS with the Court shall file such material, or portions thereof, with the clerk under seal.  The parties shall comply with the Court's local rule governing filing under seal.  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

9.     Any documents (including briefs), tangible things, or information designated as CONFIDENTIAL MATERIALS that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

10.     Return Of Materials Upon Termination of Litigation. Upon the written request and expense of the designating party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective

Order to receive confidential information shall return to the designating party, or destroy, all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of confidential information, except as permitted by this Order.

11. Counsel Allowed to Retain Copy of Filings. Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the action, including any such filings that incorporate or attach information designated as "CONFIDENTIAL." Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any information or documents designated in this matter as "CONFIDENTIAL."

12. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to this Court's Local Rules and any other applicable Court Order.

14. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" does not waive that

party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

17. The furnishing of consumer report information and consumer disclosures regarding the Plaintiff for the purposes of litigating this case is authorized pursuant to 15 U.S.C. §§ 1681b(a)(1), 1681h(a)(1).

IT IS SO ORDERED.

Date: _____April 2_____, 2025      s.Tilman E, Self, III
                                      United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| JERRY TALLENT,<br><br>    Plaintiff,<br><br>   *v.*<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>    Defendant. | CASE NO.  3:24-CV-00134-TES |

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

- 8 -

8.     I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.     Upon termination of this action, upon written request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents, unless the aforementioned counsel instructs that such materials be destroyed instead, in which case I will destroy such materials and verify the same to the aforementioned counsel.

10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20__.

_____